**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LINCOLN E. SON, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|     v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:12-CR-0042-ODE-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL FILE NO. |
| | : | 1:15-CV-3186-ODE-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [80], Respondent's response [83], and Movant's reply [87]. For reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

## I.   Background

This case involved a "drug-trafficking operation in which drugs were packed in suitcases boarded on commercial planes that arrived at the Hartsfield-Jackson Atlanta International Airport, at which point airline ramp workers removed the suitcases from the plane and smuggled them out of the airport." United States v. Son, 553 F. App'x 949, 950 (11th Cir. Feb. 3), cert. denied, _ U.S. _, 135 S. Ct. 188 (2014).

The grand jury for the Northern District of Georgia charged Movant with the following three counts:  (1) conspiracy (with Kory Drayton and others) to import at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B); (2) conspiracy (with Drayton and others) to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii); and (3) attempting to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii).  (Indictment at 1-3, ECF No. 11).   Represented by L. Burton Finlayson, Movant pleaded guilty to the indictment.  (Plea with Counsel Form, ECF No. 47-1).  The Court imposed a 200-month term of imprisonment.  (J., ECF No. 54).  Movant appealed.  (Notice of Appeal, ECF No. 56).  On February 3, 2014, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant.  Son, 553 F. App'x 949.  On October 6, 2014, the United States Supreme Court denied *certiorari*.  Son v. United States, _U.S. _, 135 S Ct. 188 (2014).

Movant now brings this § 2255 motion and raises two grounds for relief: (1) ineffective assistance of counsel in that (a) Movant entered an open guilty plea and rejected the government's plea offer, which Movant would have accepted if counsel had not misapprehended the law, and (b) Movant's guilty plea was involuntary because

2

Movant would have proceeded to trial if counsel had not misapprehended the law and (2) prosecutorial misconduct in regard to sentencing.  (Mot. to Vacate, Mem. at 2-10, ECF No. 80).

## II.     28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255. Collateral relief, however, is limited.  "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir.), cert. denied, _ U.S. _, 136 S. Ct. 267 (2015).

Matters decided on direct appeal cannot be re-litigated under § 2255, and matters that could have been raised on direct appeal, but were not, generally are foreclosed in § 2255 proceedings.  Hidalgo v. United States, 138 F. App'x 290, 291, 294 (11th Cir. 2005) (citing Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004), and United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)).  Claims

3

that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence, McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).   Thus, § 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255).  That is the case here, as shown in the discussion below.

AO 72A
(Rev.8/82)

III.   **Discussion**

Both parties agree that the government made a plea offer.  (Mot. to Vacate, Mov't Ex. A; Resp't Resp. at 18 n.3, ECF No. 83).  The plea agreement, which Movant did not accept, is an agreement to plead guilty to Count One and contains the following:  (1) Movant would be subject to a maximum term of life imprisonment and no one could predict his sentence; (2) the probation office and the Court could consider the conduct for the dismissed counts to determine relevant conduct under the guidelines; (3) the government would recommend that Count One involved at least five but less than fifty kilograms of cocaine; (4) the government would recommend a sentence at the low end of the guidelines range and neither party would request a variance resulting in a sentence outside the guidelines range; (5) the government's recommendations were not binding on the Court; and (6) Movant waived the right to appeal or collaterally attack his conviction and sentence, with limited exceptions. (Mov't Ex. A at 3-5, 10-11).

Movant did not enter into the plea agreement and instead pleaded guilty to all three counts in an open plea.  (Plea with Counsel Form).  At the plea hearing, the Court informed Movant that the government would have to prove beyond a reasonable doubt the charges against him.  (Guilty Plea Tr. at 4, ECF No. 65).  The government

5

reviewed the charges against Movant – that he had conspired to import at least five kilograms of cocaine, conspired to possess with intent to distribute at least five kilograms of cocaine, and attempted to possess at least 500 grams of cocaine. (Id. at 6). The government, and later the Court, reviewed the penalties:  maximum possible sentences of life and ten-year mandatory minimums for Counts One and Two (which could run concurrently), a forty-year maximum term and five-year mandatory minimum on Count Three (which could run concurrently), and a $100 mandatory special assessment on each count. (Id. at 7-8, 10-11). Movant stated that he had no question on the penalties. (Id. at 12).

The Court asked about guidelines discussions, and counsel responded as follows:

> I plan to come here and request a sentence of 120 months, your Honor. That's the mandatory minimum. There may be a debate as to drug quantity and I think that debate will probably be either – he's pleading to five kilos, so it's either going to be five to 15, or I believe 15 to 50 is the next break. The government's position may be it's 15 to 50. My position will definitely be it's in the five to 15 range . . . .

(Id. at 13). The government stated that it believed the drug amount would be between 15 and 50. (Id.). The Court inquired whether Movant had anything to add, and he did not. (Id. at 15).

AO 72A
(Rev.8/82)

The government reviewed the factual basis for the charges against Movant as follows.  The conspiracy involved importing cocaine from St. Maarten, with evidence of at least seven or eight importations, each suitcase containing up to thirty kilograms of cocaine.  (Id. at 16).  Movant had received a suitcase, which had contained four kilograms of cocaine that had been seized and replaced with sham cocaine.  (Id. at 16-17).  Counsel agreed that there was a factual basis for a conspiracy involving at least five kilograms and for the four kilograms.  (Id. at 18).

> MR. FINLAYSON:  . . . . And just so we're clear, we're stipulating in the plea that the government could show five and that's as far as we're willing to go today.
>
> THE COURT:  And now we're talking about Counts One and Two?
>
> MR. FINLAYSON:  Yes, Your Honor.
>
> THE COURT:  Okay.
>
> MR. FINLAYSON:  That's correct. But otherwise we do – there was a conspiracy with Kory Drayton, [Movant] agrees and stipulates to that, and it did involve more than five kilos.  And there was a conspiracy to both import drugs and possess those drugs with intent to distribute.
>
> Is that true, [Movant] do you agree and stipulate to those facts?
>
> [MOVANT]:  Yes.

7

Case 1:12-cr-00042-ODE-JFK   Document 88   Filed 05/04/16   Page 8 of 22

(Id. at 19).  Movant later equivocated that he had possibly conspired to import four kilograms and that they had not exactly known the contents of the bags, but, on further questioning by the Court, Movant admitted that he dealt with co-conspirator Mr. Drayton, that they had planned on importing cocaine, and that he knew some of the packages contained cocaine.  (Id. at 21-22).

The government reviewed the elements of the charged crimes:  (1) one or more people tried to accomplish a shared and unlawful plan to import a controlled substance into the United States, Movant knew the unlawful purpose of the plan and willfully joined in it, and the object of the unlawful plan was to import a controlled substance into the United States; (2) one or more people agreed and tried to accomplish a shared and unlawful plan to possess a controlled substance, Movant knew the unlawful purpose of the plan and willfully joined in it, and the object of the unlawful plan was to possess with intent to distribute cocaine; and (3) Movant knowingly attempted to possess a controlled substance with the intent distribute and that intent was strongly corroborated by his taking a substantial step toward committing that crime.  (Id. at 22-23).  The government did not repeat the drug amounts when it reviewed the elements. (Id.).  Movant stated that he pleaded guilty, that no one had coerced or harassed him into doing so, and that he pleaded guilty freely and voluntarily.  (Id. at 24).  The Court

8

(Rev.8/82)

found that there was a factual basis for Movant's guilty plea and accepted Movant's guilty plea.  (Id.).

At sentencing, the Court found that Movant was responsible for in excess of fifty kilograms of cocaine and applied a two-level enhancement under U.S.S.G. § 3B1.1(c) for his role in the offense.  (Sentencing Tr. at 181, 188, ECF No. 70).  With an adjusted offense level of thirty-five and a criminal history category of IV, Movant's guidelines range was 235-293 months.[1]  (Id. at 192).  Movant requested a below guidelines sentence of 120 months, and the Court imposed a below guidelines sentence of 200 months on each count, to run concurrently.  (Id. at 192, 206); Son, 553 F. App'x at 951.

_____

[1]Under the applicable guidelines, at least 50 but less than 150 kilograms of cocaine yields a thirty-six drug-quantity offense level, at least 15 but less than 50 kilograms of cocaine yields a thirty-four drug-quantity offense level, and at least 5 but less than 15 kilograms of cocaine yields a thirty-two drug-quantity offense level. U.S.S.G. § 2D1.1(c)(2)-(4) (2012).

In the Presentence Investigation Report (PSR), Movant was assigned (1) a thirty-six drug-quantity offense level under § 2D1.1(c)(2), plus three levels for his role and minus three levels for acceptance of responsibility, for a total offense level of thirty-six; (2) eight criminal history points and a IV criminal history category; and (3) a 262-327 month guidelines range.  (PSR at 10-12, 16, 22, ECF No. 59).  The Court found (1) a thirty-six drug-quantity offense level under § 2D1.1(c)(2), plus two levels for his role and minus three levels for acceptance of responsibility, for a total offense level of thirty-five; (2) a IV criminal history category; and (3) a 235-293 month guidelines range.  (See PSR at 12; Sentencing Tr. at 181, 188, 192).

9

Movant argued on appeal that the Court erred in calculating the drug quantity.

Id.  The Eleventh Circuit Court of Appeals found as follows:

[I]n light of the reliability of the co-conspirators' statements, the district court did not clearly err in finding that [Movant] was involved with the distribution of at least 50 kilograms of cocaine during the drug-smuggling conspiracy. [Movant] admitted to the first quantity the court included in its calculation, the four kilograms of cocaine seized on the day of his arrest.  The next quantity, two kilograms, was supported by the airport crew leader's description of the first real load he smuggled, which he estimated weighed between one and three kilograms.  He also said that the largest load he ever moved for [Movant] was 30 kilograms, which supported the court's inclusion of that amount as a single load.

The [record also] demonstrated that [Movant] was involved in the distribution of at least 14 additional kilograms of cocaine.  The co-conspirator recruited by [Movant] stated that he once shipped a 21- to 23-kilogram load for [Movant], and that [Movant] told him the load actually weighed 15 kilograms.  The statement, by itself, is sufficient to demonstrate the remaining amount.  Moreover, the occurrence of shipments on October 23, November 6, and November 27 of 2010 was undisputed, and [Movant] himself referred to 10 kilograms as a "light load" during a recorded conversation with the head of the airport crew in April 2011. This evidence is more than sufficient to support the district court's finding under clear-error review.

Id. at 953.

10

A.     **Ground One (a)**

In Ground One (a), Movant states that counsel advised him (1) that he was ineligible for the safety valve;[2] (2) that he faced a mandatory minimum sentence of ten years, which could be lowered if he provided substantial assistance;[3] (3) that Movant had been caught in possession of only four kilograms of cocaine and that he should reject the government's plea offer (and its agreement to a five to fifty kilogram drug quantity) and enter an open plea; and (4) that the court would not find a factual basis for the importation counts and Movant would be responsible for only four kilograms.[4]

---

[2]Movant's criminal history category was IV, (PSI at 22; Sentencing Tr. at 192), and Counsel was correct in advising Movant that he was ineligible for a safety valve reduction.  This issue is not further addressed.  See United States v. Harris, 534 F. App'x 906, 907 (11th Cir. 2013) ("To receive a safety-valve reduction . . . , a defendant must meet five criteria, including the accumulation of no more than one criminal history point." (citing U.S.S.G. § 5C1.2(a)(1); 18 U.S.C. § 3553(f)(1))).

[3]Counsel correctly stated that Movant faced a ten-year mandatory minimum sentence, which could be lowered if he provided substantial assistance.  See United States v. Castaing-Sosa, 530 F.3d 1358, 1360 (11th Cir. 2008) ("It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f).").  This issue also is not further addressed.

[4]The Court construes Movant's reference to the importation counts as a reference to Counts One and Two.  Movant states that counsel advised him, "the court would not be able to find a factual basis for the importation counts and the government would have to dismiss the importation counts and/or allow him to accept responsibility

11

(Mot. to Vacate at 3).  Movant asserts that he took counsel's advice and was prejudiced because he (1) was convicted on all charges instead of one; (2) was held accountable for eighty-one instead of five to less than fifty kilograms of cocaine;[5] (3) received a thirty-six instead of a thirty-two offense level; (4) received a $300.00 instead of a $100.00 assessment; and (5) received a 200-month sentence instead of 108- to 135-month sentence.  (Id. at 4-5).  Movant argues that, but for counsel's misapprehension of the law, he would have accepted the government's plea offer.  (Id. at 5).  In his reply, Movant states that his criminal history category was III. (Mov't Reply at 2, ECF No. 87).

The government responds that prejudice is lacking because the proposed agreement did not prohibit the Court from finding a drug quantity of more than fifty kilograms and because there is no indication that the Court would have gone below a 200 month sentence.  (Resp't Resp. at 17, 19-20).  The government further argues (1) that the proposed agreement would have required Movant to waive his right to appeal

_____

for the 4 kilograms of cocaine that was caught within his actual possession." (Mot. to Vacate at 3).

[5]Movant incorrectly states that he was held accountable for eighty-one kilograms of cocaine.  Movant was, instead, held liable for at least fifty kilograms of cocaine. Both amounts, however, yield a drug-quantity offense level of thirty-six.

12

and (2) that Movant cannot show prejudice based on his three convictions for which he received concurrent sentences or based on the special assessments.  (Id. at 20, 22 n.4 (citing Ryan v. United States, 688 F.3d 845, 849 (7th Cir. 2012), and Green v. United States, 65 F.3d 546, 551 (6th Cir. 1995))).[6]

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him.  Id. at 690-92.  The Court may resolve an ineffective assistance claim based on either of the above prongs.  Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012).  "[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in Strickland."  Missouri v. Frye, _ U.S. _, _, 132 S. Ct. 1399, 1405, 1408 (2012).  To show prejudice, a defendant must show there is a reasonable probability that the plea offer, if properly communicated, would have been accepted and that the end result of the criminal

---

[6] Green is referred to below.  Ryan is unhelpful to Respondent because the court in Ryan found that collateral proceedings could not be used to challenge a special assessment.  Ryan, 688 F.3d at 849.  Movant does not challenge the special assessment.  He states that the special assessment shows prejudice.

13

process would have been more favorable to the defendant. Id., _ U.S. at _, 132 S. Ct. at 1409 ("Defendants must . . . demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . . [I]t is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."); Rosin v. United States, 786 F.3d 873, 879 (11th Cir.) (declining to accept conclusory after-the-fact assertion that plea offer would have been accepted but for ineffective assistance of counsel), cert. denied, _ U.S. _, 136 S. Ct. 429 (2015).

Movant's argument – that counsel told him that the Court would not find a factual basis for the importation counts and that the government would have to dismiss the importation counts and/or allow him to accept responsibility for only four kilograms – fails because Movant cannot show prejudice. During the plea hearing – when it was abundantly obvious that the above alleged advice was incorrect – Movant did not have to proceed with pleading guilty and, moreover, was under no obligation to stipulate that there was a factual basis for Counts One and Two involving at least five kilograms of cocaine. Movant, however, stipulated regarding the factual basis for

14

Counts One and Two and, therefore, cannot show prejudice based on counsel's alleged advice on this matter.  (See Plea Hr'g Tr. at 19).

Movant's argument that counsel was deficient for advising him to reject the government's plea offer (with a five to less than fifty kilogram agreement) and enter an open plea also fails.  Much of Movant's argument is based on calculations that are simply incorrect.  Movant incorrectly states that his drug-quantity offense level would have been thirty-two, incorrectly states that his criminal history category was III, and incorrectly states that his guidelines range would have been 108- to 135-months.

Had Movant pleaded guilty with the government agreeing that he was responsible for at least five but less than fifty kilograms of cocaine, and had the Court accepted that amount, Movant would have been subject to (1) a thirty-four drug-quantity offense level under § 2D1.1(c)(3), plus two levels for role enhancement and minus three levels for acceptance of responsibility, for a total offense level of thirty-three; (2) a IV criminal history category; and (3) 188-235 month guidelines range.  See U.S.S.G. § 2D1.1(c)(3) (2012); Sentencing Table, U.S.S.G. Sentencing Table, Ch. 5, Pt. A, 18 U.S.C.A.  Thus, the relevant differences are (1) conviction on three charges instead of one; (2) a drug quantity of at least fifty instead of less than fifty kilograms of cocaine and, therefore, a thirty-five instead of thirty-three total offense level and a

AO 72A
(Rev.8/82)

235-293 month instead of a 188-235 month guidelines range; and (3) a $300.00 instead of $100.00 assessment.

Movant cannot show prejudice based on the above differences.  Other than the assessment fee, there is no prejudice based on Movant pleading guilty to three counts (with concurrent sentences) versus one count.  See Gauthier v. Mekusker, 186 F. App'x 903, 905, 911-12 (11th Cir. 2006) (finding no prejudice based on counsel's failure to move for dismissal of two time-barred charges for which the petitioner had received two fifteen-year sentences, which he was to serve concurrently with two life sentences and three twenty-two year sentences); Green, 65 F.3d at 551 (finding lack of prejudice when sentence at issue was being served concurrently with a longer sentence); Arnold v. Larson, No. 13-13253, 2014 WL 2587625, at *12 (E.D. Mich. June 10, 2014) ("[P]etitioner cannot show that he was prejudiced by counsel's failure to properly communicate with him regarding this plea offer. . . . Because the sentences were concurrent, he suffered no additional punishment as a result of being convicted of four rather than three counts.").

Further, even if the Court had accepted the plea agreement, the Court would have been under no obligation to accept the government's recommendation that less than fifty kilograms had been involved.  Thus, had Movant accepted the plea offer, he

AO 72A
(Rev.8/82)

would have done so with no guarantee that it would change his guidelines range while at the same time waiving his right to appeal, both to the Eleventh Circuit Court of Appeals and the United States Supreme Court. Moreover, Movant's assertion that, had counsel given him different advice, he would have accepted the plea offer is contradicted by Movant's assertion that had counsel not misapprehended the law, he "would not have pleaded guilty and would have insisted on proceeding to trial." (Mot. to Vacate, Mem. at 8). Based on the uncertainty as to whether the Court would have accepted the government's recommendation, the appeal waiver Movant would have faced by accepting the plea offer, and Movant's equivocation on proceeding to trial versus pleading guilty, the undersigned recommends that, notwithstanding the additional $200.00 assessment that resulted from entering into an open plea, Movant has not met his burden of showing that there is a reasonable probability that different advice by counsel would have changed the outcome.

## B.     Ground One (b)

Movant argues that his guilty plea was involuntary and unknowing because counsel did not advise him that the drug quantities in Counts One and Two had to be proven beyond a reasonable doubt and those drug quantities were not set forth during the plea hearing; counsel did not advise Movant of the elements necessary to support

17

his conviction; and there was an inadequate factual basis to support Counts One and Two.  (Mot. to Vacate at 6-7).  Movant asserts that counsel was also ineffective for failing to withdraw his guilty plea.  (Id. at 6).  Movant argues that, but for counsel's misapprehension of the law, he would have insisted on proceeding to trial.  (Id. at 8).  Respondent argues that the record affirmatively contradicts Movant's claim that his guilty plea was invalid.  (Resp't Resp. at 25-29).

The Strickland standard again applies.  To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that] he would not have pleaded guilty and would have insisted on going to trial.'"  Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218, 1229 (11th Cir. 2015) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)), cert. denied, _ U.S. _, 136 S. Ct. 798 (2016).  In considering the validity of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."  Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  "Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations

18

unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74; see also Connolly v. United States, 568 F. App'x 770, 771 (11th Cir. 2014) (same).

Ground One (b) fails because Movant cannot show prejudice. Movant's statements, under oath at the plea hearing, show that he was otherwise aware that Counts One and Two charged conspiracies that involved at least five kilograms of cocaine, that the government would have to prove those charges beyond a reasonable doubt, and that he was aware of the factual basis for the charges. As found by the Court, there was a sufficient factual basis to support Movant's plea on all counts. In light of the review of the charges during the plea hearing, Movant's awareness that he was charged with conspiracies to import and to distribute at least five kilograms of cocaine, and Movant's stipulation regarding the drug amount being over five kilograms, omitting the drug amounts when reviewing the elements does not bring into question the voluntary and knowing nature of Movant's guilty plea. Movant fails to show that his guilty plea was unknowing and involuntary based on ineffective assistance of counsel.

19

### C.     <u>Ground Two</u>

Movant asserts that he must be re-sentenced because the government knowingly presented false testimony at Movant's sentencing, i.e., testimony by Special Agent Harold S. Hawkins that Movant conspired with Drayton to import more than 81 kilograms of cocaine, which testimony contradicted the government's earlier concession at Drayton's sentencing.[7]  (Mot. to Vacate at 8).  Respondent argues that this claim is procedurally barred based on Movant's failure to raise it on appeal. (Resp't Resp. at 32).

The Court agrees with Respondent.  Ground Two presents a claim that was available on direct appeal, and Movant fails to show cause and prejudice for failing to raise it and does not otherwise overcome his default.  Accordingly, Ground Two fails.

---

[7]Movant was sentenced in January 2013, (Sentencing Tr., ECF No. 70), and Drayton was sentenced a year earlier, in January 2012, <u>United States v. Drayton</u>, No. 1:11-cr-0086-ODE-JFK-1 (N.D. Ga. Jan. 26, 2012), ECF No. 154.  The Court notes that, although Drayton's sentencing transcript was not entered on his criminal docket until May 2013, Movant's appeal was pending from February 2013 through February 3, 2014.  (Notice of Appeal, ECF No. 56); <u>Son</u>, 553 F. App's 949.

## IV.    Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 136 S. Ct. 324 (2015).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484).

21

It is recommended that a COA is unwarranted because it is not debatable that Movant fails to show ineffective assistance of counsel and procedurally defaulted his prosecutorial misconduct claim.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.  <u>Conclusion</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [80] to vacate, set aside, or correct his federal sentence be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 4th day of May, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

22