

FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUN 15 2016

James N. Hatten, Clerk
By: AMC Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| LINCOLN E. SON, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:12-CR-0042-ODE-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:15-CV-3186-ODE-JFK |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [88] that recommends denying Movant's motion to vacate [80] and denying a (COA) and on Movant's objections [90].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565

AO 72A
(Rev.8/82)

F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). The district court "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

## I. Discussion

This case involved a "drug-trafficking operation in which drugs were packed in suitcases boarded on commercial planes that arrived at the Hartsfield-Jackson Atlanta International Airport, at which point airline ramp workers removed the suitcases from the plane and smuggled them out of the airport." United States v. Son, 553 F. App'x 949, 950 (11th Cir. Feb. 3), cert. denied, _ U.S. _, 135 S. Ct. 188 (2014). Based on his role in that operation, Movant was charged with (1) conspiracy to import at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B);

2

(2) conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii); and (3) attempting to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii). (Indictment at 1-3, ECF No. 11.) Movant pleaded guilty to the indictment and received a 200-month term of imprisonment. (Plea with Counsel Form, ECF No. 47-1; J., ECF No. 54.) On February 3, 2014, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant. Son, 553 F. App'x 949. On October 6, 2014, the United States Supreme Court denied *certiorari*. Son v. United States, _U.S. _, 135 S. Ct. 188 (2014).

In his § 2255 motion, Movant asserts (1) ineffective assistance of counsel for misapprehending the law, (a) which caused Movant to enter an open guilty plea and reject the government's plea offer (which he "would have accepted" but for counsel's misapprehension of the law) and (b) which rendered Movant's guilty plea involuntary because Movant would have "insisted on proceeding to trial" if counsel had not misapprehended the law, and (2) prosecutorial misconduct at sentencing. (Mot. to Vacate, Mem. at 2-10, ECF No. 80.)

The Magistrate Judge recommends that the above grounds for relief fail. (R&R at 14-17, 19-20, ECF No. 88.) Movant objects. (Objections, ECF No. 90.)

### A. **Objection on Ground One – Misquotation**

In reviewing the background to Movant's Ground One (a), the Magistrate Judge quoted the Eleventh Circuit's findings in regard to whether this Court erred in calculating the drug quantity, re-quoted below.

> [I]n light of the reliability of the co-conspirators' statements, the district court did not clearly err in finding that [Movant] was involved with the distribution of at least 50 kilograms of cocaine during the drug-smuggling conspiracy. [Movant] admitted to the first quantity the court included in its calculation, the four kilograms of cocaine seized on the day of his arrest. The next quantity, two kilograms, was supported by the airport crew leader's description of the first real load he smuggled, which he estimated weighed between one and three kilograms. He also said that the largest load he ever moved for [Movant] was 30 kilograms, which supported the court's inclusion of that amount as a single load.
>
> The [record also] demonstrated that [Movant] was involved in the distribution of at least 14 additional kilograms of cocaine. The co-conspirator recruited by [Movant] stated that he once shipped a 21- to 23-kilogram load for [Movant], and that [Movant] told him the load actually weighed 15 kilograms. The statement, by itself, is sufficient to demonstrate the remaining amount. Moreover, the occurrence of shipments on October 23, November 6, and November 27 of 2010 was undisputed, and **[Movant] himself referred to 10 kilograms as a "light load" during a recorded conversation with the head of the airport crew in April 2011.** This evidence is more than sufficient to support the district court's finding under clear-error review.

Son, 553 F. App'x at 953 (emphasis added).

AO 72A
(Rev.8/82)

Movant objects to the language bolded above because it is a "factual untruth derived from an admittedly 'imperfect' rendering of the conversation" and because he "never actually even USED word 'light'. The word was 'right.'" (Objections at 6.)

The Court has reviewed the Magistrate Judge's reasons for rejecting Movant's Ground One (a), and there is nothing to indicate that the Eleventh Circuit's above statement was a basis for the Magistrate Judge's recommendation. Accordingly, Movant's objection on this matter is overruled.

**B.     Objection on Ground One – "188 is Less than 200"**

In analyzing Movant's claim that he would have accepted the initial offer, the Magistrate Judge compared the differences between the rejected/initial offer and the open plea. The Magistrate Judge determined that one of the relevant differences between the rejected plea offer and the open plea to which Movant eventually agreed was a 235-293 month guidelines range (for the open plea, after the Court found that Movant was responsible for *more* than fifty kilograms of cocaine) versus a 188-235 month guidelines range (for the rejected plea, *if* the Court had accepted the government's non-binding recommendation that Movant was responsible for *less* than

fifty kilograms of cocaine).[1] (R&R at 9, 15-17.) The Magistrate Judge determined that Movant could not show prejudice. The Magistrate Judge reasoned --

> [E]ven if the Court had accepted the [initial] plea agreement, the Court would have been under no obligation to accept the government's recommendation that less than fifty kilograms had been involved. Thus, had Movant accepted the plea offer, he would have done so with no guarantee that it would change his guidelines range while at the same time waiving his right to appeal, both to the Eleventh Circuit Court of Appeals and the United States Supreme Court. Moreover, Movant's assertion that, had counsel given him different advice, he would have accepted the plea offer is contradicted by Movant's assertion that had counsel not misapprehended the law, he "would not have pleaded guilty and would have insisted on proceeding to trial." (Mot. to Vacate, Mem. at 8). Based on the uncertainty as to whether the Court would have accepted the government's recommendation, the appeal waiver Movant would have faced by accepting the plea offer, and Movant's equivocation on proceeding to trial versus pleading guilty, the undersigned recommends that, notwithstanding the additional $200.00 assessment that resulted from entering into an open plea, Movant has not met his burden of showing that there is a reasonable probability that different advice by counsel would have changed the outcome.

(Id. at 16-17.)

Movant objects to the Magistrate Judge's finding that he failed to show that he would have received a lesser sentence. (Objections at 7.) Movant asserts that (1) if counsel had advised him to take the initial plea offer and if he had taken it, (2) the

---

[1] If the Court had not accepted the government's non-binding recommendation on the drug quantity, the guidelines range would have been 235-293 months.

government would have recommended a sentence at the low end of a 188-235 month guideline range, and (3) the Court, in accordance with its tendency to be lenient, would have imposed a sentence of no more than 188 months, which is less than the 200 months that he received. (Id. at 8.)

On *de novo* review, Movant's objection fails. The Magistrate Judge did not base her recommendation on Movant's failure to show that he would have received a lesser sentence. The Magistrate Judge based her recommendation on Movant's failure to show that, with different advice from counsel, there was a reasonable probability that he would have accepted the initial offer when, among other things, there was no guarantee it would have changed his guidelines range.[2] As stated by the Magistrate Judge, Movant's argument that he would have accepted the initial offer is weakened by the following: (1) acceptance would not have guaranteed that the Court would find that the drug amount was less than fifty-kilograms (or that his guidelines range would have been different); (2) Movant would have been required to waive his right to appeal to the Eleventh Circuit Court of Appeals and the United States

---

[2]Whether or not the Court would have sentenced him at the low end of a different guidelines range is not the issue. The issue is whether Movant would have pleaded guilty when there was no guarantee that the guidelines range would have changed.

7

Supreme Court (both of which avenues of relief Movant considered important enough to pursue under his open plea which had no waiver); and (3) Movant has equivocated in the instant proceedings on whether different advice from counsel would have caused him to proceed to trial or to plead guilty. The Court agrees with the Magistrate Judge's assessment.

### C.  Objection on Ground Two

In Ground Two, Movant claims prosecutorial misconduct and asserts that he must be re-sentenced because the government knowingly presented false testimony at his sentencing. (Mot. to Vacate, Mov't Mem. at 8.) Specifically, Movant claims that Special Agent Harold S. Hawkins' testimony – that Movant conspired with Drayton to import more than 81 kilograms of cocaine – contradicts the government's earlier argument at Drayton's sentencing. (Id. at 8-10.) The government argued that Ground Two was procedurally barred based on Movant's failure to raise it on direct appeal. (See R&R at 20.) In reply, Movant relied on his initial argument. (Mov't Reply at 1, ECF No. 87.)

The Magistrate Judge found that the Ground Two claim failed because it was available on direct appeal and Movant had not shown cause and prejudice for failing to raise it and had not otherwise overcome his default. (R&R at 20.)

8

Movant objects. (Objections at 1-6.) Movant argues that, notwithstanding his default, the Court "is to look for violations of the movant's Constitutional rights." Movant appears to asserts that his default should be excused based on ineffective assistance of counsel for failing to object to the prosecutorial misconduct and relies on Kimmelman v. Morrison, 477 U.S. 365, 384-85 (1986) (holding that a valid claim of ineffective assistance of counsel may excuse failure to timely raise Fourth Amendment claim). (Objections at 2.)

The Court agrees with the Magistrate Judge. Movant raised Ground Three as a prosecutorial misconduct claim. (See Mot. to Vacate at 5 and Mov't Mem. at 8-10.) Even *after* the government responded and argued that the claim of prosecutorial misconduct was procedurally barred, Movant in his reply did not argue before the Magistrate Judge that the default should be excused based on ineffective assistance of counsel. In these circumstances, the Court in its discretion declines addressing Movant's newly raised argument. See Williams, 557 F.3d at 1292 ("[T]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. Systemic efficiencies would be

9

frustrated and the magistrate judge's role reduced to that of a mere dress rehearser . . . ." (citations and internal quotation marks omitted)).

## II. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's objections [90] are **OVERRULED**. Otherwise, the Court has reviewed the Magistrate Judge's R&R for clear error and finds none, and **IT IS ORDERED** that the Magistrate Judge's R&R [88] is **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that Movant's motion to vacate [80] and a COA are **DENIED**.

**IT IS SO ORDERED** this 15 day of June, 2016.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)